SHIVERS, Senior Judge,
dissenting.
I would affirm the able trial judge’s construction of the pertinent provisions of the City Code and the Florida Statutes and, therefore, respectfully dissent.
The City hired appellant Haddix as police chief in 1985. Pursuant to the 1984 City Code governing the pension fund he became entitled to credit “for the time” he had served in law enforcement.
Section 2-333 of the City Code provided:
Each and every person, upon the effective date of this division, who becomes a regular member of the police department, shall be given credit for the time that he has served as a peace officer in any city or county of the State of Florida, as a police officer, constable, deputy sheriff or sheriff, upon proof of such service to the Police Pension Board.
Appellant, accordingly, became entitled to credit for time (9.32 years) of prior service with the Metro Dade County Police and the Washington County Sheriffs Department. The primary question is whether appellant should make contributions to the plan for his credit of prior service or whether the City should fund this extra time for him.
Section 185.35 of the Florida Statutes concerns municipalities having their own pension plans for police officers. Section 185.35(g) provides:
Eligibility for coverage under the plan must be based upon length of service, or attained age, or both and benefits must be determined by a nondiscriminatory formula based upon:
1. Length of service and compensation, or
2. Length of service.
The retirement plan shall require participants to contribute toward the cost of the plan an amount which shall not be less than 1 percent of salary, and it must set forth the termination rights, if any, of an employee in the event of the separation or withdrawal of an employee before retirement. (Emphasis supplied.)
The trial judge, in my opinion, rightly held that “should the Defendant wish to avail himself of increased retirement benefits for the prior service, he should be required to pay to the fund those amounts he would have paid to the City and the City would be required to match his contributions plus any additional monies to insure actuarial sound *804 ness in the Pension Plan.” The trial court soundly reasoned:
Any other interpretation of the prior credit service provision, would allow unequal treatment for police officers employed solely by the City, and would violate Chapter 185 of the Florida Statutes, as amended, which requires at least some contributions by covered employees.
When the meaning of a statute is at all doubtful, the law favors a rational, sensible construction. Courts are to avoid an interpretation of a statute that would produce unreasonable consequences. 49 Fla.Jur.2d, Statutes, Section 185.
Unless the statute or code would so provide, it would not be rational or sensible to allow the appellant’s contributions to the fund for the credit of 9.32 years to be paid for by the City and yet require other members of the police department who have been with the Panama City Police Department all the time to pay for their contributions for this same length of time.
When legislation is susceptible to more than one interpretation, the preferred interpretation is that which avoids an unreasonable result. Agrico Chemical Co. v. State of Florida, Department of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978) cert. denied, 376 So.2d 74 (Fla.1979).
I would affirm the final judgment but would, in addition, require that appellant contribute to the pension fund, interest on those sums he would be required to pay into the fund for years of prior service credit.